■ In the Matter of RICHARD KAVAZANJIAN, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [694 NYS2d 810] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of failing to submit a urine sample as required by a prison disciplinary rule. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting him to commence this CPLR article 78 proceeding which we now confirm.* Petitioner's principal contention that he was denied the right to call a medical witness in violation of his due process rights is unpersuasive. The record reveals that the Hearing Officer refused to call the facility physician who had treated petitioner for the medical condition that he claims caused his alleged inability to urinate and failed to provide petitioner with a written explanation for the denial (see, 7 NYCRR 254.5 [a]). Nevertheless, we find no reason to set aside the determination since the record discloses the reason for the denial, i.e., that the physician's testimony would be redundant in light of the testimony provided by a licensed nurse who, after reviewing petitioner's medical records, testified that petitioner's condition would not cause the symptom he described (see, Matter of Morrison v Selsky, 246 AD2d 939). Next, contrary to petitioner's argument, we conclude that the imposition of a $5 surcharge was valid (see, Matter of Faison v Stinson, 221 AD2d 746, 747). Finally, since petitioner failed to claim that the Hearing Officer was biased at the hearing or on his administrative appeal (see, Matter of Collazo v Coombe, 235 AD2d 654), this issue has not been preserved for appellate review. In any event, were we to consider this argument, we would find it to be unsubstantiated in the record.

---

* Although we will consider the merits of petitioner's claims, we note that petitioner has raised no issue of substantial evidence and, therefore, this proceeding was improperly transferred to this Court (see, CPLR 7804 [g]; Matter of Barnhill v Coombe, 239 AD2d 719, 720, n).

Yesawich Jr., J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.