■ In the Matter of ALTON BELL, Petitioner, v EARL COUTURE, as Superintendent of Gouverneur Correctional Facility, Respondent. [699 NYS2d 757] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II hearing disposing of two misbehavior reports, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from making threats and refusing a direct order. According to the first misbehavior report, petitioner told his instructor in a loud voice that if she tried to "ticket" him for engaging in "horseplay", he would "beat the ticket" and, *inter alia*, "get [her] into a lot of trouble with Albany". The second misbehavior report, involving an incident occurring the next day between petitioner and the same instructor, was written after petitioner ignored a direct order to proceed with his work correcting papers and, instead, engaged in a social conversation with another inmate. Petitioner's administrative appeal of these determinations was unsuccessful, prompting him to commence this CPLR article 78 proceeding.

In our view, the detailed misbehavior reports provide substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966), and petitioner's various exculpatory explanations for his behavior merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). Notably, his claim that he could not correct papers because of an unrelated injury to

his right shoulder was refuted by the facility nurse, who testified that the medical records did not support petitioner's claim that he could not write with his right hand (*see, Matter of Kavazanjian v Goord*, 264 AD2d 886).

Petitioner's remaining arguments, including his claims that one of the misbehavior reports was improperly dated and that the charges were improperly heard at a tier II proceeding, have been examined and found to be unpersuasive.

Cardona, P. J., Mercure, Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.