■ In the Matter of JOHNATHAN JOHNSON, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [708 NYS2d 922] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review six determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in six misbehavior reports with violating numerous prison disciplinary rules as the result of six separate incidents which occurred between July 1998 and September 1998. Petitioner was found guilty of all charges following separate disciplinary hearings on each misbehavior report and, after unsuccessful administrative appeals, commenced this CPLR article 78 proceeding challenging the determinations. Supreme Court transferred the matter to this Court and we confirm.

Initially, petitioner contends that several of the determinations are not supported by substantial evidence. We disagree. In each of the determinations challenged on substantial evidence grounds, the misbehavior report, either alone or in combination with the hearing testimony, was sufficient to constitute substantial evidence of petitioner's guilt (*see*, *Matter of Jaime v Goord*, 262 AD2d 823; *Matter of Figueroa v Lacy*, 260 AD2d 766; *Matter of Mays v Goord*, 243 AD2d 882). To the extent that petitioner denied the charged conduct or provided an exculpatory version of events, this presented issues of cred-

ibility which the Hearing Officer was entitled to resolve against him (*see, Matter of Torres v Goord*, 267 AD2d 732, 733; *Matter of Bell v Couture*, 267 AD2d 653).

Turning to petitioner's procedural arguments, the fifth misbehavior report was not defective by virtue of the alleged inconsistency between the incident location and petitioner's cell location inasmuch as any claimed confusion over the discrepancy was sufficiently explained at the hearing (*see, Matter of Smart v Goord*, 266 AD2d 606). Moreover, petitioner waived his contention that two of the disciplinary hearings were improperly held in his absence by refusing to attend the hearings and executing a waiver form to that effect (*see, Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812; *Matter of Watson v Coughlin*, 132 AD2d 831, 832, *affd* 72 NY2d 965). Finally, the record contains no support for petitioner's claims that certain Hearing Officers were biased (*see, Matter of Omaro v Goord*, 269 AD2d 629) and that one of the misbehavior reports was written in retaliation for a complaint he filed against the correction officer who authored it (*see, Matter of Mays v Goord*, 245 AD2d 610, 611). We have examined petitioner's remaining contentions and find them to be unavailing.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.