■ In the Matter of LOUIS CINTRON, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [721 NYS2d 142] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine twice tested positive for the presence of cannabinoids. To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, together with the positive results of the urinalyses tests and the testimony adduced at the hearing, constitute substantial evidence to support the charge of drug use (*see, Matter of Townsend v Selsky*, 277 AD2d 625; *Matter of Myers v Goord*, 274 AD2d 801).

Petitioner's contention that he was denied the right to call a certain witness is unavailing. While it is true that the Hearing Officer refused to call the physician who had prescribed petitioner Motrin and Naproxin and failed to provide petitioner with a written explanation for the denial (*see*, 7 NYCRR 254.5 [a]), we nonetheless find no reason to set aside the determination since the record reveals the reason for the denial, i.e., the physician's testimony concerning the prescribed medication would have been redundant in light of the testimony of the facility nurse who indicated that petitioner was taking the aforementioned drugs at the time of the urinalysis test (*see, Matter of Kavazanjian v Goord*, 264 AD2d 886; *Matter of Morrison v Selsky*, 246 AD2d 939). Likewise, we are unpersuaded by petitioner's argument that it was error for the Hearing Officer to take the telephone testimony of a representative of the company that manufactured the urine testing equipment outside of petitioner's presence. Petitioner was permitted to provide the Hearing Officer with his own questions prior to the

conversation, he was permitted to listen to the tapes of the interview and, in any event, has failed to establish any prejudice accruing to him as a result of this procedure (*see, Matter of Almonte v Goord*, 261 AD2d 684, *lv denied* 93 NY2d 818; *Matter of Bates v Coughlin*, 145 AD2d 854, *lv denied* 74 NY2d 602). Finally, contrary to petitioner's assertions, the evidence sufficiently demonstrated that the drug testing was performed in accordance with applicable procedures and the chain of custody was adequately established (*see*, 7 NYCRR 1020.4 [e]; *Matter of Terry v Goord*, 272 AD2d 701).

Petitioner's remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.