■ In the Matter of ANTHONY MACK, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [853 NYS2d 704]—

Petitioner, a prison inmate, was charged in a misbehavior report with assaulting staff, engaging in violent conduct, disobeying a direct order and being out of place. The charges stemmed from an incident wherein petitioner, who was noted to be out of place, refused a correction officer's order to stop and, ultimately, struck the correction officer on the face with a closed fist. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty of 180 days in the special housing unit and a corresponding loss of privileges and good time was imposed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 raising, among other things, various procedural defects.* Supreme Court dismissed the petition, prompting this appeal.

---

* Although petitioner initially raised a substantial evidence issue, Supreme Court granted petitioner's subsequent request to withdraw that portion of the petition.

We affirm. Petitioner initially contends that the underlying disciplinary hearing was both commenced and completed in an untimely manner. Simply put, the time limits imposed by the relevant regulations are directory, not mandatory (*see Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007]; *Matter of Konigsberg v Selsky*, 255 AD2d 702, 703 [1998]), and absent a showing of prejudice, which did not occur here, annulment is not warranted (*see Matter of Bilbrew v Goord*, 33 AD3d 1107, 1108 [2006]). Moreover, our review of the record reveals valid reasons for each of the extensions granted.

As to petitioner's claim that he was denied the right to present relevant documentary evidence, we agree that in the absence of some indication that disclosing the injured correction officer's medical records would jeopardize institutional safety, the Hearing Officer's failure to provide petitioner with such documents was error (*see Matter of Cody v Goord*, 17 AD3d 943, 944 [2005]; *Matter of Moore v Goord*, 255 AD2d 640, 641 [1998], *lv denied* 93 NY2d 802 [1999]). This error, however, is harmless in view of the overwhelming evidence of petitioner's guilt and the fact that these records were not relied upon by the Hearing Officer in rendering his determination (*see Matter of Abdul-Khaliq v Goord*, 34 AD3d 872, 872-873 [2006]). Finally, we have reviewed petitioner's challenge to the Hearing Officer's designation and find it to be lacking in merit.

Peters, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.