■ In the Matter of RODNEY FREEMAN, Petitioner, v LUCIEN J. LECLAIRE JR., as Commissioner of Correctional Services, Respondent. [854 NYS2d 820]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with flooding his prison cell and refusing a direct order. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of both charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

Although petitioner contends that the charge of flooding his prison cell was unsubstantiated, we disagree. The misbehavior report, together with statements made by petitioner at the hearing, provide substantial evidence *to* support the determination of guilt (*see Matter of Barham v Goord*, 42 AD3d 607, 608 [2007]). As for petitioner's assertion that the Hearing Officer was biased, there is no indication that the determination was the result of any purported bias (*see Matter of Martinez v Goord*, 48 AD3d 851 [2008]). Regarding petitioner's claim that the hearing was untimely because it was commenced on the eighth day following the incident (*see* 7 NYCRR 251-5.1 [a]), we note that the regulatory time limits are directory, not mandatory, and there has been no demonstration that petitioner suffered any prejudice as a result of the one-day delay (*see Matter of Chaney v Selsky*, 35 AD3d 1109, 1110 [2006]). Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Cardona, P.J., Peters, Spain, Rose and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.