■ In the Matter of Michael Purcell, Appellant, v Jeff McKoy, as Superintendent of Hudson Correctional Facility, et al., Respondents. [864 NYS2d 574]—Appeal from a judgment of the Supreme Court (Hummel, J.), entered December 18, 2007 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Hudson Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, discarded a portion of a burning cigarette into the trash can in his room and it ignited some toilet paper, causing a fire. He was thereafter charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from starting fires (*see* 7 NYCRR 270.2 [B] [19] [i]) or using flammable materials (*see* 7 NYCRR 270.2 [B] [19] [iii]). At the ensuing tier II disciplinary hearing, petitioner pleaded guilty to both charges. On administrative appeal, petitioner asserted

that he could not be guilty of arson because he did not intentionally set the fire. Respondent Superintendent of Hudson Correctional Facility nevertheless affirmed the Hearing Officer's determination. Petitioner then commenced this CPLR article 78 proceeding and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Initially, the Attorney General has advised that the part of the determination finding petitioner guilty of violating 7 NYCRR 270.2 (B) (19) (i) by starting a fire has been administratively reversed and all references thereto have been expunged from petitioner's institutional record. Therefore, his challenge to that part of the determination is moot (*see Matter of Moore v Goord*, 307 AD2d 566, 566 [2003]). Given that petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty (*see Matter of Baez v Goord*, 261 AD2d 741, 742 [1999]). As for the remaining charge, petitioner's plea of guilty precludes him from challenging the sufficiency of the evidence supporting it (*see Matter of Rivera v Goord*, 47 AD3d 1141, 1141 [2008]; *Matter of Cendales v Goord*, 305 AD2d 824, 824 [2003]). Petitioner's claim that the Hearing Officer was biased is not substantiated by the record and there is no indication that the determination flowed from any alleged bias (*see Matter of Witkowski v Goord*, 45 AD3d 1068, 1069 [2007]; *Matter of Rodriguez v Herbert*, 270 AD2d 889, 890 [2000]). Therefore, the petition was properly dismissed.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination finding petitioner guilty of starting a fire in violation of 7 NYCRR 270.2 (B) (19) (i); petition granted to that extent, said portion of the determination annulled and respondent Superintendent of Hudson Correctional Facility is directed to expunge all referenced thereto from petitioner's institutional record; and, as so modified, affirmed.