██ In the Matter of ANTHONY FOSTER, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [881 NYS2d 512]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with another inmate, petitioner admitted to violations for fighting and exhibiting violent conduct. A tier III disciplinary hearing was subsequently held, after which petitioner was found guilty of the additional charges of refusing a direct order, causing a disturbance, assaulting an inmate and possessing a weapon. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

Initially, the Attorney General concedes and we agree that there was insufficient evidence to sustain the charges that petitioner assaulted an inmate and possessed a weapon. As such, the underlying determination must be annulled to that extent. However, since petitioner has already served the penalty imposed, and no loss of good time resulted, there is no need for a remittal for a redetermination of the penalty (*see Matter of Purcell v McKoy*, 54 AD3d 1113, 1114 [2008]; *Matter of Alicea v Smith*, 50 AD3d 1404, 1404-1405 [2008]).

Turning to petitioner's contention that the hearing was not completed in a timely manner, we note that, although there was a delay between the expiration of several valid extensions and subsequent requests for further extensions, the regulatory time limits for hearings are directory, not mandatory (*see Matter of Lara v Dubray*, 52 AD3d 1143, 1143 [2008]; *Matter of McAllister v Fischer*, 51 AD3d 1159, 1160 [2008]). In any event, petitioner has made no showing that he was prejudiced by these delays and, to the contrary, the delay on at least one occasion involved the Hearing Officer's attempts to interview witnesses that petitioner requested (*see Matter of Winfield v Carpenter*, 51 AD3d 1167, 1167 [2008]; *Matter of Freeman v Leclaire*, 50 AD3d 1329, 1329 [2008], *lv denied* 11 NY3d 705 [2008]). Finally, there is no support in the record for petitioner's assertion that the determination was the result of any purported bias on the part of the Hearing Officer (*see Matter of Purcell v McKoy*, 54 AD3d at 1114; *Matter of Freeman v Leclaire*, 50 AD3d at 1329). Petitioner's remaining contentions have been rendered academic by the annulment of the assault and weapons charges.

Spain, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assaulting an inmate and possessing a weapon; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.