■ In the Matter of SAMMY GERACI, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [880 NYS2d 865]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after his urine twice tested positive for the

presence of opiates. He was found guilty of the charge following a tier III disciplinary hearing. The determination was affirmed on administrative appeal with a modified penalty. This CLPR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test results, supporting documentation and hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Livingston v Fischer*, 52 AD3d 1152, 1153 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Marino v New York State Dept. of Correctional Servs.*, 41 AD3d 1004, 1005 [2007], *appeal dismissed and lv denied* 9 NY3d 940 [2007]). We disagree with petitioner's argument that the lieutenant who approved the test was required to sign the request for urinalysis test form; the lieutenant testified that he approved the test over the phone and a correction officer documented that approval on the form, thus satisfying the regulatory requirements (*see* 7 NYCRR 1020.4 [b]). We reject petitioner's contention that the misbehavior report was defective because it incorrectly stated the date upon which his urine sample was collected. The correct date was listed on the request for urinalysis test form and testified to by the correction officer who completed that form. The correction officer who tested the urine and filled out the misbehavior report explained the date discrepancy as a clerical error and testified as to the correct date (*see Matter of Harrison v Fischer*, 56 AD3d 917, 917 [2008]). We have considered petitioner's remaining arguments and find them either unpreserved or lacking in merit.

Peters, J.P., Kane, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.