■ In the Matter of DENNIS McLEAN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [884 NYS2d 265]—

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was frisked by correction officers during a routine visit to receive medication and was found to have a razor blade melted into a toothbrush hidden in his waistband. After its discovery, petitioner repeatedly struck the officer who frisked him, and assaulted several other officers during the ensuing struggle to subdue him. Petitioner was subsequently charged in

a misbehavior report with assaulting staff members, possession of a weapon, refusing a direct order, violent conduct and noncompliance with frisk procedures. After a tier III disciplinary hearing, petitioner was found guilty of all charges except noncompliance with frisk procedures, and an unsuccessful administrative appeal followed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination of his guilt on both substantive and procedural grounds and we now confirm.

Initially, we find that the misbehavior report, together with the extensive testimony and documentation, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Jackson v Dubray*, 56 AD3d 919 [2008]; *Matter of Perez v Dubray*, 55 AD3d 1119 [2008]). To the extent that petitioner claims that the disciplinary charges were fabricated in retaliation for his cooperation with an investigation into the abuse of another inmate, that raised a question of credibility to be resolved by the Hearing Officer (*see Matter of Jackson v Fischer*, 59 AD3d 820, 820 [2009]; *Matter of Perez v Dubray*, 55 AD3d at 1119).

Turning to petitioner's procedural claims, we find that he was not denied his right to call witnesses. Contrary to petitioner's contention, he was allowed to call a witness from the Inspector General's office, who testified that he did not have any information other than that petitioner had filed a grievance in a matter concerning another inmate. With regard to the request to call George Morales, the inmate who was the subject of petitioner's prior grievance and who purportedly had knowledge about threats made against petitioner, it was appropriately denied inasmuch as Morales had no knowledge of the events underlying the misbehavior report and, therefore, was unable to provide relevant testimony (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Orr v Selsky*, 290 AD2d 768, 769 [2002]). Additionally, petitioner's request to call Correction Officer Feeney was properly denied, inasmuch as it would have been redundant to the testimony of four other witnesses, whose testimony the Hearing Officer credited (*see Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). Furthermore, the failure to provide petitioner with a written explanation for the denial does not require annulment because the record expressly reveals the reason (*see Matter of Miller v Costello*, 304 AD2d 916, 917 [2003]; *Matter of Jones v Goord*, 274 AD2d 902, 903 [2000]).

Finally, we find that absent some indication that disclosure of the medical records of the injured correction officers would

jeopardize institutional safety, their denial was error (*see Matter of Mack v Goord*, 49 AD3d 1045, 1046 [2008], *lv denied* 10 NY3d 715 [2008]). However, we also find that error to be harmless in light of the overwhelming evidence against petitioner (*see id.*). Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Cardona, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.