■ In the Matter of RICARDO JOSEPH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 275]—

Proceeding pursuant to CPLR article 78 (transferred to this

---

Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As petitioner was exiting his prison cell, he turned violently and struck a correction officer in the face with his clenched fist. Officers immediately subdued petitioner, but he continued to struggle despite their repeated orders to cease. As a result, petitioner received a misbehavior report charging him with assaulting staff, interference, violent conduct and refusing a direct order. Petitioner was found guilty on all counts after a tier III disciplinary hearing, and an unsuccessful administrative appeal followed. Petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the supporting documentation and hearing testimony of the correction officers involved in the altercation, provide substantial evidence to support the determination (see Matter of Geraci v Fischer, 63 AD3d 1467, 1468 [2009]; Matter of Smith v Dubray, 58 AD3d 968, 968-969 [2009]). The Hearing Officer did not err in refusing petitioner's request to call the supervising sergeant as a witness, inasmuch as the unusual incident report made clear that he was not present at the time of the incident and, thus, had no personal knowledge of the facts (see Matter of Gimenez v Artus, 63 AD3d 1461, 1462 [2009]; Matter of Sutherland v Selsky, 61 AD3d 1188, 1189 [2009]).

Petitioner's contention that the Hearing Officer failed to ascertain the reasons for several inmates' refusal to testify is not preserved for our review, inasmuch as he failed to raise that objection during the hearing (see Matter of McCollum v Fischer, 61 AD3d 1194, 1194 [2009], lv denied 13 NY3d 703 [2009]; Matter of Williams v Goord, 37 AD3d 948, 948 [2007], lv denied 8 NY3d 1021 [2007]). Finally, we agree with petitioner that the Hearing Officer should not have denied disclosure of the injured correction officer's medical records absent a showing that institutional safety would have been jeopardized (see Matter of McLean v Fischer, 63 AD3d 1468, 1469-1470 [2009]; Matter of Mack v Goord, 49 AD3d 1045, 1046 [2008], lv denied 10 NY3d 715 [2008]). However, we find the error to be harmless considering the overwhelming evidence against petitioner (see Matter of McLean v Fischer, 63 AD3d at 1470; Matter of Mack v Goord, 49 AD3d at 1046). We have examined petitioner's remaining contentions and find them to be lacking in merit.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.