■ In the Matter of LLOYD NELSON JONES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [893 NYS2d 361]—

Petitioner was charged in a misbehavior report with disobeying a direct order, assault, conduct disturbing the facility, failing to comply with frisk procedures, violent conduct and making threats. The charges stemmed from an incident where petitioner, as he was undergoing a random frisk, struck a correction officer in the face and had to be subdued. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. This determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the unusual incident report, other documentary evidence and the

hearing testimony of the correction officers involved, provide substantial evidence to support the determination (*see Matter of Parkinson v Selsky,* 49 AD3d 985, 985 [2008]; *Matter of Griffin v Goord,* 43 AD3d 591, 591 [2007]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hale v Selsky,* 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]). We reject petitioner's contention that the Hearing Officer erred in taking the testimony of inmate witnesses outside his presence. The record reveals that the telephone connection in the hearing room of the segregated housing unit malfunctioned, causing the inmate witnesses' testimony to be unintelligible. The problem continued after a lengthy adjournment and the Hearing Officer decided to take testimony using telephone equipment in another part of the facility, outside the presence of petitioner. Insofar as petitioner was allowed to submit questions and hear recorded tapes of the testimony and, after hearing the tapes, informed the Hearing Officer that all of his questions were asked, we see no prejudice to petitioner (*see Matter of Cintron v Goord,* 280 AD2d 794, 794-795 [2001]; *Matter of Joyce v Goord,* 246 AD2d 926, 928 [1998]; *Matter of Bernacet v Coughlin,* 145 AD2d 802, 804 [1988], *lv denied* 74 NY2d 603 [1989]).

Regarding petitioner's claim that he was denied the right to present relevant documentary evidence, we agree that the Hearing Officer's refusal to provide petitioner with the injured correction officer's medical records, without an indication that their disclosure would jeopardize institutional safety, was an error (*see Matter of McLean v Fischer,* 63 AD3d 1468, 1469-1470 [2009]). However, in light of the overwhelming evidence of petitioner's guilt and the fact that these records were not relied on by the Hearing Officer in rendering his determination, we conclude that the error was harmless (*see id.; Matter of Mack v Goord,* 49 AD3d 1045, 1046 [2008], *lv denied* 10 NY3d 715 [2008]). Petitioner's remaining contentions, including that gaps in the hearing transcript prevent meaningful review, have been reviewed and found to be without merit.

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.