In the Matter of FRUITQUAN BAILEY, Petitioner, v JOSEPH SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [910 NYS2d 923]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was participating in the family reunion program and was issued a Polaroid camera with film for nine photographs. During the visit, petitioner used the emergency telephone to notify authorities that his camera was not working, claiming that there was no film in the camera. After petitioner was unable to produce either the film or the photographs from the camera, he was served with a misbehavior report charging him with making false statements, misusing the emergency telephone and violating family reunion program procedures. A tier III disciplinary hearing was held, after which petitioner was found guilty of all charges. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, we agree with the Attorney General that the record does not contain sufficient evidence to substantiate the charge of misusing the emergency telephone and, thus, the determination must be annulled to that extent. Because petitioner has al-

ready served the penalty imposed, and no loss of good time was recommended, there is no need to remit the matter for a redetermination of the penalty (*see Matter of Ortiz v Simmons*, 67 AD3d 1208, 1209 [2009]; *Matter of Foster v Bezio*, 62 AD3d 1222, 1223 [2009]).

To the extent that petitioner argues a lack of substantial evidence to support the remaining charges, the misbehavior report, unusual incident report and testimony of the correction officer who issued the camera to petitioner and authored the misbehavior report were sufficient to satisfy that standard (*see Matter of Reynoso v Fischer*, 73 AD3d 1315 [2010]; *Matter of Jones v Fischer*, 69 AD3d 1065, 1065-1066 [2010]). Petitioner's assertions that he did not receive film with the camera and that the camera policies and procedures were not explained to him raised credibility issues to be resolved by the Hearing Officer (*see Matter of Mitchell v Brown*, 74 AD3d 1678 [2010]; *Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]).

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of misusing the emergency telephone; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.