In the Matter of DAVID MARTINEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [919 NYS2d 541]—

Petitioner, a prison inmate, was being escorted to a new cell when, apparently dissatisfied with the fact that he would be double-bunked, he turned and attempted to strike one of the accompanying correction officers. In the fracas that ensued, petitioner bit, kicked and spit blood on various officers and refused to stop struggling despite numerous direct orders to do so. As a result, he was served with a misbehavior report charging him with assaulting staff, interfering with employees, refusing a direct order, creating a disturbance, violating movement regulations and refusing a double cell assignment. Thereafter, petitioner was served with a second misbehavior report charging him with making threats when he apparently stated upon returning to his cell that he would assault any officers who tried to approach him. Both reports were the subject of a single tier III disciplinary hearing. Petitioner pleaded guilty to refusing a direct order and he was found guilty of all of the other charges. That determination was affirmed on administrative appeal with a downward modification of the penalty. This CPLR article 78 proceeding ensued.

We confirm. Initially, we note that petitioner is precluded from challenging the finding of guilt with regard to refusing a direct order inasmuch as he pleaded guilty to such charge at the hearing (see Matter of Rodriguez v Fischer, 76 AD3d 1131, 1131-1132 [2010]; Matter of Key v Fischer, 72 AD3d 1365, 1366 [2010]).* Regarding the remaining charges, petitioner first contends that he received inadequate employee assistance, inasmuch as his assistant failed to provide the names and locations of his requested witnesses, as well as the documentation he requested. Initially, we note that the assistance form does not indicate that petitioner requested any potential witnesses to be interviewed. With regard to documentation, the record also shows that petitioner received the use of force report he

---

* Because the petition raised a question of substantial evidence, the proceeding was properly transferred to this Court. However, petitioner has abandoned that argument by his failure to address it in his brief (see Matter of Williams v Fischer, 73 AD3d 1364, 1364 n [2010]).

requested. On the other hand, we agree that petitioner should have had access to the photographs and medical reports of the injured correction officers in the absence of any indication that disclosure would jeopardize institutional safety (*see Matter of Malik v Bezio*, 76 AD3d 1128, 1128 [2010]; *Matter of Jones v Fischer*, 69 AD3d 1065, 1066 [2010]). However, in light of the overwhelming evidence against petitioner—consisting of the misbehavior report, testimony of one of the officers involved in the incident, voluminous documentary evidence and a videotape of the events—we find the error to be harmless (*see Matter of Malik v Bezio*, 76 AD3d at 1128-1129). As such, we cannot say that any defect in the assistance provided to petitioner was prejudicial (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1508-1509 [2010]).

Likewise, we reject petitioner's contention that the hearing was not completed in a timely fashion where the record demonstrates that appropriate extensions were requested and received and the hearing completed within the time provided (*see Matter of Rodriguez v Fischer*, 76 AD3d at 1132; *Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]). In any event, the regulatory time limits for hearings are discretionary, not mandatory, and there has been no showing by petitioner that he experienced any prejudice by the alleged delay (*see Matter of Rodriguez v Fischer*, 76 AD3d at 1132; *Matter of Foster v Bezio*, 62 AD3d 1222, 1223 [2009]).

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.