In the Matter of WILLIAM CRENSHAW, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [929 NYS2d 346]—

While petitioner was being released from the dormitory entrance to get his legal mail, a correction officer noticed a suspicious bulge in his jacket and told him to lift it. Although petitioner initially refused, he later complied, at which point the officer noticed that petitioner's pants were sitting far below his waist, an issue for which he had previously been counseled. When the officer directed petitioner to pull up his pants, petitioner responded "kiss my a**." The officer then gave petitioner a directive to return to the dormitory, which he ignored. Petitioner was eventually escorted from the law library to the special housing unit. As a result of the foregoing, petitioner was charged in a misbehavior report with leaving an assigned area without authorization, being out of place, violating frisk procedures, violating a facility movement regulation, refusing a direct order and harassing an employee. Later that

day, he was charged in a second misbehavior report with losing state property after his cell was packed up and his state issued razor was missing. A tier III disciplinary hearing was subsequently conducted on the charges contained in both reports. Petitioner was found guilty of all charges and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it, support that part of the determination finding petitioner guilty of the charges contained in the first misbehavior report (*see Matter of Vaello v Connolly*, 84 AD3d 1624, 1625 [2011]; *Matter of Wahhab v Fischer*, 77 AD3d 996, 997 [2010]). As for that part of the determination finding petitioner guilty of the charge contained in the second misbehavior report, the detailed misbehavior report itself constitutes substantial evidence supporting that charge (*see Matter of Johnson v Goord*, 42 AD3d 626, 627 [2007]; *Matter of Tafari v Selsky*, 38 AD3d 1079, 1079 [2007], *lv denied* 8 NY3d 816 [2007]). Petitioner's claim that the misbehavior reports were written in retaliation for a grievance he had filed presented a credibility issue for the hearing officer to resolve (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]; *Matter of Davis v Fischer*, 83 AD3d 1356, 1357 [2011]). Petitioner's remaining contentions have been considered and are lacking in merit.

Mercure, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.