*1521 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
A correction officer supervising the law library denied petitioner entry one morning because his name was not on the master call out list. Petitioner became upset, shouted obscenities at the officer and refused the officer’s directive to be quiet. He then inquired if he would be able to enter the law library in .the afternoon and produced two call out slips allegedly signed by another correction officer giving him access at two different times, as well as three additional call out slips that were blank. The officer confiscated the slips and refused to return them to petitioner. Petitioner became irrate, began cursing at the officer in a loud voice, ignored the officer’s directive to stop yelling and was eventually escorted to his cell. The officer later checked with the correction officer whose name was on the call out slips and that officer related that he did not provide them to petitioner. As a result of this incident, petitioner was charged in a misbehavior report with forgery, harassment, creating a disturbance, refusing a direct order, making a false statement, being out of place and misusing state property. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the testimony of the correction officers involved in the incident, provide substantial evidence supporting the determination of guilt (see Matter of Spencer v Fischer, 89 AD3d 1354, 1355 [2011]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]). Petitioner’s denial of any misconduct and claim that the charges were brought in retaliation for his filing of past grievances presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Kalwasinski v Fischer, 87 AD3d 1187, 1188 [2011]). Moreover, we find no merit to petitioner’s claim that the hearing was not commenced or completed in a timely manner given that proper extensions were obtained for legitimate reasons and the hearing began and ended within the authorized time frames (see 7 NYCRR 251-5.1; Matter of Martinez v Fischer, 82 AD3d 1380, 1381 [2011]; Matter of Harrison v Votraw, 56 AD3d 868 [2008]). Petitioner’s argument that he received inadequate assistance is similarly unpersuasive. Insofar as the assistant failed to provide petitioner with certain documents, the *1522 Hearing Officer cured this deficiency by producing them at the hearing (see Matter of Mayo v Fischer, 82 AD3d 1421, 1422 [2011], lv denied 17 NY3d 702 [2011]). Moreover, petitioner was not prejudiced by the assistant’s alleged failure to inform him of the substance of interviews with two witnesses inasmuch as these individuals testified at the hearing (see Matter of Davis v Prack, 58 AD3d 977, 977 [2009]). Petitioner’s remaining arguments are either unpreserved for our review or are lacking in merit.
Rose, J.E, Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.