*1155 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, along with the testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Curry v Fischer, 93 AD3d 984, 984 [2012]; Matter of Daniel v Fischer, 86 AD3d 892, 892 [2011]). The discrepancy in the date the sample was collected as indicated on the misbehavior report and the request for urinalysis form was adequately explained by the testing officer as a clerical error (see Matter of Geraci v Fischer, 63 AD3d 1467, 1468 [2009]; Matter of Collins v Goord, 40 AD3d 1329, 1330 [2007]). Moreover, the chain of custody of the sample was properly established by the information contained on the request for urinalysis form, as well as the testimony of the testing officer who stated that she had custody of the sample from the time it was removed from the freezer until it was destroyed (see 7 NYCRR 1020.4 [e] [1]; Matter of Moss v Prack, 87 AD3d 1255, 1256 [2011]; Matter of Valdez v Fischer, 85 AD3d 1529 [2011], lv denied 17 NY3d 716 [2011]). Petitioner’s remaining claims have been considered and rejected.
Mercure, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.