*1212 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was issued four related misbehavior reports charging him with violating 11 prison disciplinary rules on January 12, 2011. The first report, charging petitioner with violent conduct, interference, refusing a direct order and refusing a search or frisk, describes how a strip search of petitioner was ordered after a suspicious item was noted in the course of a pat frisk. Specifically, it states that, after an unknown white object was viewed protruding from petitioner’s buttocks area in the course of the strip search, petitioner became violent and, in the course of the ensuing struggle, pulled the object out and swallowed it before it could be retrieved. The second and third misbehavior reports charged petitioner with two counts of assault on staff, two counts of violent conduct and refusal of a direct order, and interference with an employee, all stemming from the struggle during that strip search whereby petitioner fought with and caused injuries to two correction officers trying to restrain him. The fourth misbehavior report charged petitioner with possession of a weapon after a subsequent search of petitioner’s cell produced a small, cutting-type weapon hidden in a tea bag. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding followed.
We confirm. The misbehavior report and related documentation, together with the testimony of the correction officers involved in the altercation and searches, provide substantial evidence supporting the determination of guilt (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1057 [2012], appeal dismissed 19 NY3d 919 [2012]; Matter of Nelson v Fischer, 93 AD3d 1059 [2012]). Petitioner’s claim that the charges were fabricated and that, in fact, he was assaulted by the correction officers who restrained him presented credibility issues for the Hearing Officer to resolve (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d at 1058). Similarly, any minor inconsistencies in the times noted on certain documents and proof at the hearing raised issues of credibility to be decided by the Hearing Officer (see Matter of Valentino v Bezio, 72 AD3d 1376, 1377 [2010]). Nor are we persuaded by petitioner’s conten *1213 tion that the hearing was not conducted in a timely manner (see Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]; Matter of Mack v Goord, 49 AD3d 1045, 1046 [2008], lv denied 10 NY3d 715 [2008]).
Petitioner’s remaining challenges, including his assertion of hearing officer bias, are unpreserved for our review — in light of his failure to raise them in the course of his administrative appeal (see Matter of Jones v Fischer, 94 AD3d 1298 [2012]) — or are without merit.
Peters, PJ., Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.