■ In the Matter of JEROME STALLONE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [971 NYS2d 378]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review two determinations of the Superintendent of Franklin Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, in his capacity as an inmate porter, was instructed to buff the floors and refused several times to do so, resulting in a misbehavior report charging him with refusing a direct order. Thereafter, while he was confined to his cube, petitioner was found using the telephone without permission, and he received a second misbehavior report charging him with being out of place and failing to comply with a hearing disposition. Two separate tier II disciplinary hearings were held, at the conclusion of which petitioner was found guilty of refusing a direct order and being out of place. After his administrative appeals were unsuccessful, petitioner commenced this CPLR article 78 proceeding to challenge the two determinations.

We confirm. Initially, to the extent that petitioner challenges the evidence upon which the determinations are based, we find that the misbehavior reports, along with the testimony of the

correction officer who authored the first report and petitioner's own testimony, provide substantial evidence of petitioner's guilt. While petitioner contends that he was improperly denied certain witnesses during the hearing addressing the first misbehavior report, the record demonstrates that he never requested the testimony of the area supervisor, and his stated reasons for requesting the testimony of an inmate witness bore no relevance to the charge against him (*see Matter of Blackwell v Fischer*, 106 AD3d 1346, 1346 [2013]; *Matter of Moreno v Fischer*, 100 AD3d 1167, 1168 [2012]). Finally, a review of the record demonstrates that the Hearing Officer properly considered all of the evidence before him and rendered the determinations based upon that evidence, rather than any alleged bias (*see Matter of Colon v Fischer*, 98 AD3d 1176, 1177 [2012], *lv denied* 20 NY3d 857 [2013]; *Matter of Rodriguez v Fischer*, 96 AD3d 1333, 1333 [2012]). Petitioner's remaining contentions have been considered and determined to be without merit.

Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

