■ In the Matter of DARNELL BALLARD, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [66 NYS3d 84]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

A correction officer observed petitioner, a prison inmate, using a facility telephone. Because the officer was aware that petitioner was serving a disciplinary hearing penalty imposing a loss of telephone privileges, he charged petitioner in a

misbehavior report with being out of place and failing to comply with a hearing disposition. Thereafter, while he was directed either to remain in his cube or to proceed only to the cafeteria for his meal, petitioner made multiple attempts to visit the law library—one of which included taking his identification card without permission from a designated location and lying to facility staff about doing so. As a result, petitioner was charged in a second misbehavior report with refusing a direct order, being out of place, stealing, violating facility movement regulations, lying and leaving an assigned area without authorization. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal, and this proceeding ensued.

We modify by annulling the determinations of guilt related to the charges in the first misbehavior report. Petitioner testified that he was informed of an earlier end date for the sanctions imposed during a previous disciplinary hearing and was not aware that he was still subject to sanctions at the time he used the phone. He supported his testimony with copies of the disposition sheets from his previous hearings that included an end date that had already passed. The Hearing Officer explained that, if a Hearing Officer did not account for time being served for another disciplinary penalty, the computer system may recalculate the sanction dates. Although she stated that the inmate should receive a notice if there was an adjustment to the sanction date, petitioner denied receiving any such notice and nothing in the record indicates that a notice was provided. Under these circumstances, the record does not contain substantial evidence establishing that petitioner intentionally failed to comply with a hearing disposition or was knowingly out of place (*see Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *Matter of Garofolo v Cunningham*, 34 AD3d 1071, 1072-1073 [2006]). Absent proof of a culpable mental state, the relevant determinations must be annulled (*see Matter of Whitfield v Fischer*, 291 AD2d 504, 504-505 [2002]; *Matter of Rand v Herbert*, 219 AD2d 878, 878 [1995]). Inasmuch as the penalty imposed included a loss of good time, we remit for a redetermination of the penalty on the remaining violations (*see Matter of Mears v Venettozzi*, 150 AD3d 1498, 1499 [2017], *lv denied* 30 NY3d 905 [2017]).

The second misbehavior report, along with the testimony of the correction officer who authored it and petitioner's own testimony, provide substantial evidence of petitioner's guilt of the charges contained therein (*see Matter of Stallone v Fischer*,

109 AD3d 1065, 1065-1066 [2013]; *Matter of McNeil v Fischer*, 95 AD3d 1520, 1521 [2012]; *Matter of Crenshaw v Fischer*, 87 AD3d 1189, 1190 [2011]). Petitioner's contention that he did not steal his identification card raised a credibility issue for the Hearing Officer to resolve (*see Matter of Pagan v Venettozzi*, 151 AD3d 1508, 1508 [2017], *lv denied* 30 NY3d 903 [2017]).

Petitioner's contention that he was improperly denied the right to call a witness is belied by the record, which establishes that the requested inmate witness executed a refusal form noting the reason for not wanting to testify, and the Hearing Officer read that form to petitioner at the hearing. No further inquiry by the Hearing Officer was required (*see Matter of Cortorreal v Annucci*, 28 NY3d 54, 59 [2016]; *Matter of Weston v Annucci*, 153 AD3d 1537, 1537 [2017]). Petitioner's contention that he was deprived of due process by his prehearing confinement was rendered moot by the final determination (*see Matter of Valera v Selsky*, 185 AD2d 481, 482 [1992]), and, in any event, such confinement was not improper (*see* 7 NYCRR 251-1.6 [a]; *Matter of Pettus v West*, 28 AD3d 907, 908 [2006]). Petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, have been considered and are either unpreserved for our review or are lacking in merit.

McCarthy, J.P., Garry, Rose, Devine and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of failing to comply with a hearing disposition and being out of place as charged in the first misbehavior report and as imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.