Matter of Rodriguez v Lee (2018 NY Slip Op 04817)





Matter of Rodriguez v Lee


2018 NY Slip Op 04817


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of MIGUEL RODRIGUEZ, 
v
WILLIAM LEE, as Superintendent of Eastern N.Y. Correctional Facility, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Miguel Rodriquez, Napanoch, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, lying, being out of place, leaving an assigned area and creating a disturbance. According to the report, petitioner, a porter, asked to leave his program early to visit the commissary because he was expecting a visitor at the facility. After his request was denied, petitioner became argumentative and ultimately left the program area without permission to go the prison yard, and it was later determined that petitioner neither went to the commissary, nor had any visitors to see him at that time. Following a tier II disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and we agree, that substantial evidence was lacking to support the charge of creating a disturbance (see Matter of Richardson v Annucci, 153 AD3d 1012, 1012 [2017]). Accordingly, we annul that part of the determination and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter [*2]need not be remitted for a redetermination of the penalty (see e.g. Matter of Stevens v Zenzen, 156 AD3d 1001, 1002 [2017]). As to petitioner's challenge to the remaining charges, the misbehavior report and the testimony presented at the hearing, including the testimony of the misbehavior report's author who was involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of Stallone v Fischer, 109 AD3d 1065, 1065-1066 [2013]; Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]; Matter of Crenshaw v Fischer, 87 AD3d 1189, 1190 [2011]). Although petitioner denied making a false statement and taking his identification card and then leaving the area without permission, his varying narrative of the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]).
Petitioner also argues that he was deprived of his right to call two inmate witnesses. At the commencement of the hearing, petitioner requested the names of the inmate porters who were referenced in the misbehavior report. Later in the hearing, the names of these inmates were revealed to petitioner during the testimony of the correction officer who authored the misbehavior report. Thereafter, when the Hearing Officer asked petitioner if he had anything else to put on the record or for the Hearing Officer to consider, petitioner did not pursue his request to have the other inmates called as witnesses nor did petitioner object when those inmates were not called. Under these circumstances, we find petitioner's contention unpreserved (see Matter of Wilson v Annucci, 148 AD3d 1281, 1282 [2017]; Matter of Lewis v Fischer, 101 AD3d 1317, 1317-1318 [2012]; Matter of Hayes v Fischer, 73 AD3d 1360, 1361 [2010]). Petitioner's remaining contentions, including his claim that the Hearing Officer did not allow him to present a defense, have been considered and are either unpreserved for our review or are lacking in merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.