Matter of Fernandez v Venettozzi (2018 NY Slip Op 06167)





Matter of Fernandez v Venettozzi


2018 NY Slip Op 06167


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

526253

[*1]In the Matter of PABLO FERNANDEZ, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date: August 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Pablo Fernandez, Marcy, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with fighting and failing to report an injury after he was observed with blood on his nose. Later that day, he was charged in a second misbehavior report with losing state property after his cell was packed up and his state-issued razor was missing. A tier III disciplinary hearing was conducted on the charges contained in both reports. Following the hearing, petitioner was found guilty of losing state property, but not guilty of the remaining charges, and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Crenshaw v Fischer, 87 AD3d 1189, 1190 [2011]; Matter of Hassan v Selsky, 27 AD3d 931, 931 [2006]). The correction officer who authored the misbehavior report testified that he was ordered to frisk petitioner's cell and pack it up to facilitate petitioner moving to a new cellblock. According to the officer, he could not locate petitioner's state-issued razor during the frisk. The officer further testified that he packed petitioner's belongings in bags and brought them to petitioner's new cell. Petitioner was then provided an opportunity to search the bags for the razor while being observed by two correction officers. After petitioner searched the bags and could not find the razor, the officers left and petitioner was subsequently issued the misbehavior report. Although petitioner later showed a razor to one of the correction officers and testified that it was his and that he had found [*2]it in his belongings after the officers had left, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; Matter of Griffin v Goord, 43 AD3d 591, 591 [2007]). Petitioner's remaining claims, including that the Hearing Officer was biased, have been considered and found to be without merit.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.