Matter of Jones v Annucci (2018 NY Slip Op 07499)





Matter of Jones v Annucci


2018 NY Slip Op 07499


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of TERRENCE J. JONES, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Terrence J. Jones, Romulus, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Julie M. Sheridan of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, assault, violent conduct, possessing a weapon, refusing a direct order and creating a disturbance. According to the report, a correction officer was escorting several inmates down a corridor after leaving the mess hall when he observed petitioner make a slashing type motion to another inmate's head, after which both inmates began fighting. The officer gave several orders for them to stop fighting before the inmates complied. After the altercation, the other inmate was found to have a three-inch laceration to his face. Following a tier III disciplinary hearing, petitioner was found guilty as charged and the determination was affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Stokes v Annucci, 158 AD3d 885, 886 [2018]; Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]), notwithstanding the fact that a weapon was never recovered (see Matter of Prince v Annucci, 126 AD3d 1201, 1202 [2015]; Matter of Brown v Goord, 286 AD2d 843, 844 [2001]). Further, the different account of the incident offered by petitioner and his witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]; Matter of Jones v Annucci, 156 AD3d 1093, 1094 [2017]).
Petitioner also contends that the Hearing Officer erred in taking the testimony of one of his inmate witnesses outside of his presence. The witness had initially refused to testify but changed his mind after speaking with the Hearing Officer. The Hearing Officer took the testimony outside the presence of petitioner, which was recorded and played back to petitioner during the hearing. Following the playback of the testimony, petitioner affirmed that the Hearing Officer had asked all the questions that petitioner wanted to ask the witness and that he had no further comment on the testimony. Under these circumstances, we find that petitioner has not established any prejudice accruing as a result of this procedure (see Matter of Jones v Fischer, 69 AD3d 1065, 1066 [2010], lv denied 16 NY3d 707 [2011]; Matter of Cintron v Goord, 280 AD2d 794, 794-795 [2001]).
Petitioner further contends that the Hearing Officer improperly denied his request for a videotape of the inmates as they were being escorted out of the mess hall. Petitioner requested the videotape to show where the correction officer who authored the misbehavior report was positioned in relation to petitioner and the other inmate involved in the fight in order to show that the officer would not have been able to witness the incident as he had reported. Inasmuch as the videotape depicted the officer and the inmates prior to entering the corridor where the incident took place, and did not depict where the officer was during the incident itself, the Hearing Officer properly denied the request as irrelevant (see Matter of Cornelius v Fischer, 98 AD3d 779, 780 [2012]; Matter of Cody v Goord, 17 AD3d 943, 944-945 [2005]). Petitioner's challenge to the misbehavior report as defective is not preserved for our review, inasmuch as he did not raise it at the disciplinary hearing (see Matter of Green v Selsky, 275 AD2d 867, 867 [2000], lv denied 97 NY2d 602 [2001]; Matter of Benton v Couture, 269 AD2d 642, 643 [2000]). In any event, although a correction officer who witnessed the incident in question — and wrote a misbehavior report bringing charges against the other inmate as the result of his involvement in the fight with petitioner — failed to endorse petitioner's misbehavior report, petitioner has not demonstrated any prejudice resulting from this failure (see Matter of Santana v Senkowski, 269 AD2d 638, 638 [2000]; Matter of Huntley v Goord, 261 AD2d 401, 401-402 [1999]). Petitioner's remaining claims, including that the Hearing Officer was biased, have been considered and found to be without merit.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.