In the Matter of GERALD EDWARDS, Petitioner, v D. VENET-TOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [877 NYS2d 513]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with assaulting staff, engaging in violent conduct, refusing direct orders, creating a disturbance, interfering with staff and violating facility frisk procedures after, among other things, he punched one correction officer in the face and, a short time

later, attempted to kick another correction officer. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, and he thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of guilt.

We confirm. Contrary to petitioner's assertion, the detailed misbehavior reports, together with the testimony adduced at the hearing, constitute substantial evidence of his guilt (*see Matter of Perez v Dubray*, 55 AD3d 1119 [2008]; *Matter of Benson v Selsky*, 50 AD3d 1347 [2008]). Although petitioner denied engaging in the offending conduct and contended that correction officers assaulted him without provocation, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Benson v Selsky, supra; Matter of Morillo v Goord*, 38 AD3d 947, 947-948 [2007]). Petitioner's remaining contentions, including his assertion that he was denied the right to call witnesses to testify on his behalf, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.