■ In the Matter of STANLEY BROWN, Petitioner, v WARREN BARKLEY, as Superintendent of Cape Vincent Correctional Facility, Respondent. [887 NYS2d 871]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After being involved in a physical altercation with another inmate, petitioner was charged in a misbehavior report with fighting and engaging in violent conduct. He was found guilty of both charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, together with the testimony of the correction officers familiar with the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Villafane v Fischer*, 63 AD3d 1403, 1404 [2009]; *Matter of Taveras v Fischer*, 59 AD3d 827, 828 [2009], *lv denied* 13 NY3d 702 [2009]). The contrary testimony of petitioner and his inmate witness presented a credibility issue

---

for the Hearing Officer to resolve (*see Matter of Edwards v Venettozzi*, 61 AD3d 1224, 1225 [2009]). While petitioner also asserts that he was improperly denied the right to call certain witnesses at the hearing, the record discloses that petitioner specifically told the Hearing Officer at the conclusion of the hearing that he did not wish to call any further witnesses, thereby waiving this claim (*see Matter of Dixon v Brown*, 62 AD3d 1223, 1224 [2009], *lv denied* 13 NY3d 704 [2009]). Petitioner's remaining contentions have not been preserved for our review.

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.