In the Matter of RICKY PENDER, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [893 NYS2d 347]—

Petitioner was charged in a misbehavior report with refusing a direct order, making threats and failing to comply with visitation room guidelines. Following a tier III disciplinary hearing, petitioner was found guilty of failing to comply with visitation room guidelines and refusing a direct order, but not the charge of making threats. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the evidentiary basis of the determination, we conclude that the misbehavior report, together with the corroborating hearing testimony of its author, provide substantial evidence to support the determination of guilt (see Matter of Mobley v Dubray, 57 AD3d 1055, 1056 [2008]). The contrary testimony of petitioner and other witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Hale v Selsky, 57 AD3d 1136, 1137 [2008], appeal dismissed 12 NY3d 776 [2009]). We reject petitioner's contention that he was denied the right to call a certain inmate witness, as the record establishes that the requested testimony would have been cumulative to that provided by four other inmate witnesses (see Matter of Scott v Fischer, 57 AD3d 1035, 1036 [2008], lv denied 12 NY3d 705 [2009]; Matter of Locke v Senkowski, 254 AD2d 553, 554 [1998]). Moreover, the failure to provide petitioner with a written explanation for the denial of the witness does not require annulment as the reason for the denial is expressly stated in the record (see Matter of McLean v Fischer, 63 AD3d 1468, 1469 [2009]). Petitioner's further contention that he was denied the right to call his daughter as a witness is belied by the record, as petitioner withdrew his request for her testimony (see Matter of Lam Trang v Goord, 283 AD2d 816, 817 [2001]). Finally, contrary to petitioner's contention, respondent is not required to articulate the factors relied on in affirming, on administrative appeal, the determination of guilt (see 7 NYCRR 254.8).

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.