■ In the Matter of FRANS SITAL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [901 NYS2d 403]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, became involved in an altercation with correction officers after he failed to clear a facility metal detector. When one of the officers requested that he empty his pocket, petitioner slapped the officer's hand and uttered an expletive. During the ensuing confrontation, petitioner struck the officer multiple times in the face and body before ultimately

being subdued. As a result, petitioner was served with a misbehavior report charging him with refusing a direct order, assaulting staff, engaging in violent conduct, interfering with an employee and failing to comply with frisk procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. His administrative appeal was unavailing, after which petitioner commenced this CPLR article 78 proceeding.

We affirm. The detailed misbehavior report, along with the testimony of the correction officers involved in the incident and the supporting documentation, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]; *Matter of Edwards v Venettozzi*, 61 AD3d 1224, 1225 [2009]). To the extent that petitioner and one of his inmate witnesses testified to a different version of the events, that presented a question of credibility to be resolved by the Hearing Officer (*see Matter of Tusa v Bezio*, 70 AD3d 1159 [2010]; *Matter of Jones v Fischer*, 69 AD3d 1065, 1066 [2010]). Petitioner's claim that he was denied effective employee assistance is without merit where, shortly after the commencement of the hearing, the proceedings were postponed for three days to enable petitioner to confer with his assistant and, thereafter, he expressed satisfaction with the assistance he had received (*see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]). Additionally, the documents that petitioner claims he was wrongly denied were irrelevant to the charged misbehavior (*see Matter of Mitchell v Bezio*, 69 AD3d 1281 [2010]; *Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]). Finally, our review of the record demonstrates that petitioner was afforded a fair and impartial hearing and the determination flowed from the evidence presented, rather than any alleged bias on the part of the Hearing Officer (*see Matter of Hayes v Fischer*, 70 AD3d 1085 [2010]; *Matter of Burgess v Goord*, 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]). We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.