Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
After the conclusion of a visit with his brother, petitioner was placed in the boss chair for a frisk. Petitioner abruptly got up from the chair, grabbed the correction officer conducting the *1575 frisk and a physical altercation ensued. During the altercation, petitioner ignored several direct orders to stop and, after other officers intervened, he was eventually placed in mechanical restraints. As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, refusing a direct order and engaging in violent conduct. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. Initially, we find no merit to petitioner’s contention that the charge of refusing a direct order is not supported by substantial evidence inasmuch as no proof was presented at the hearing that petitioner suffers from a hearing impairment. Moreover, we find unpersuasive petitioner’s claim that the Hearing Officer improperly denied him the right to call his brother as a witness. Petitioner maintains that he wanted his brother to testify about statements allegedly made by the correction officer conducting the frisk that the officer intended to retaliate against petitioner for problems the officer had with petitioner’s brother while he was incarcerated. The Hearing Officer, however, denied petitioner’s request after considering testimony from petitioner on this issue as well as a complaint that petitioner had filed regarding the same. Accordingly, the testimony of petitioner’s brother was redundant to the other evidence presented on petitioner’s retaliation defense (see Matter of Williams v Fischer, 69 AD3d 1278,1279 [2010]; see also Matter of Barnes v Prack, 92 AD3d 990, 991 [2012]; Matter of Barca v Fischer, 80 AD3d 1038, 1038-1039 [2011], lv denied 16 NY3d 711 [2011]). Furthermore, while the Hearing Officer failed to provide petitioner with a written statement setting forth the reason for the denial (see 7 NYCRR 254.5 [a]), annulment is not required given that the reason is clear from the record (see Matter of Pender v Fischer, 69 AD3d 1099, 1100 [2010], lv denied 14 NY3d 708 [2010]; Matter of McLean v Fischer, 63 AD3d 1468, 1469 [2009]). In view of the foregoing, we decline to disturb the determination.
Mercure, J.P, Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.