■ In the Matter of JONATHAN RUSSO, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [10 NYS3d 917]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of assaulting staff, refusing a direct order, violent conduct, interfering with an employee and refusing a frisk procedure. According to the misbehavior report, petitioner was ordered to assume a pat-frisk position on the wall and, when a correction officer asked if he had something in his mouth, petitioner turned and punched the correction officer in the face. The determination of guilt was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, together with various reports and corroborating testimony from other correction officers, provide substantial evidence to support the determination of guilt (*see Matter of Sital v Fischer*, 73 AD3d 1348, 1348 [2010], *lv denied* 15 NY3d 707 [2010]). Petitioner's remaining contentions, including that the Hearing Officer should have assessed his mental health status, are raised for the first time "and this Court 'ha[s] no discretionary authority or interest of justice jurisdiction' to review unpreserved issues in such special proceedings" (*Matter of Reed v Artus*, 39 AD3d

1056, 1057 [2007], quoting *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]).

McCarthy, J.P., Garry, Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.