*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520618
_____

In the Matter of RAJSHEEM L.
    RICHARDSON,
                        Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

MEMORANDUM AND JUDGMENT

Calendar Date:  September 22, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Rajsheem L. Richardson, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Two correction officers were physically assaulted by a
group of inmates at the correctional facility where petitioner
was incarcerated.  During the investigation that ensued,
petitioner was identified as one of the inmates involved.  As a
result, he was charged in a misbehavior report with assaulting
staff, creating a disturbance, interfering with an employee and
refusing a direct order.  At the conclusion of a tier III
disciplinary hearing, he was found guilty of all of the charges
except for refusing a direct order.  The determination was later

upheld on administrative appeal and the penalty was modified. This CPLR article 78 proceeding followed.

We confirm.  The misbehavior report, related documentation, testimony of the correction officers involved in the incident and that of the sergeant who investigated it, as well as the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Cruz v Fischer, 94 AD3d 1296, 1297 [2012]; Matter of Gonzalez v Prack, 62 AD3d 1220, 1220 [2009], lv denied 13 NY3d 711 [2009]).  Contrary to petitioner's claim, the misbehavior report contained sufficiently detailed information to apprise him of the nature of the charges and enable him to prepare a defense (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Wallace v Prack, 93 AD3d 1056, 1057 [2012]).  Furthermore, the record discloses that petitioner was permitted to call numerous inmate witnesses to testify that he was not involved in the incident, and we find no error in the Hearing Officer's denial of additional inmate witnesses whose testimony would have been redundant (see Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]; Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]).  We have considered petitioner's remaining contentions and find that they are also lacking in merit.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court