*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                    520869
_____

In the Matter of NOEL COOMBS
    JR.,
                          Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                          Respondent.
_____

Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                    _____

        Lebowitz Legal Services, PLLC, Glens Falls (Jack R.
Lebowitz of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

                    _____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        While making his rounds late one evening in petitioner's
housing unit, a correction officer attempted to quell the noise
being made by a group of inmates and asked for their
identification cards, at which point one of the inmates became
unruly and refused to comply with the officer's directive.  The
officer moved the inmate into the day room and called for

assistance from two other correction officers. The inmate refused to submit to a pat frisk and became combative, prompting the three officers to use force in attempting to restrain him and place him in mechanical restraints. Other inmates entered the day room during this time, one of whom was petitioner, who repeatedly grabbed one of the officers while he was attempting to restrain the inmate. Unable to effectively restrain the inmate, the officers released him, whereupon the remaining inmates, including petitioner, surrounded the officers, taunted them and refused several orders to return to their cubes. They also began shouting phrases, including "Let's kill them," in an effort to incite the other inmates. Ultimately, these inmates returned to their cubes.

As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, assaulting staff, creating a disturbance, interfering with an employee, engaging in violent conduct and engaging in a demonstration. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination.

Initially, inasmuch as petitioner pleaded guilty to creating a disturbance, he is precluded from challenging the sufficiency of the evidence supporting that part of the determination finding him guilty of this charge (see Matter of Lewis v Fischer, 112 AD3d 1194, 1195 [2013]; Matter of Key v Fischer, 72 AD3d 1365, 1366 [2010]). As for the remaining charges, the detailed misbehavior report, testimony of the correction officer who prepared it, supporting documentation and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination finding petitioner guilty of these charges (see Matter of Richardson v Annucci, 133 AD3d 966, 967 [2015]; Matter of Ballou v New York State Dept. of Correctional Servs., 80 AD3d 1058, 1058-1059 [2011]). Although petitioner initially requested eight inmates to testify at the hearing, he later abandoned this request and asked for only four, thereby waiving any claim that he was improperly denied witnesses (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]; Matter of Brown v Barkley, 67

AD3d 1147, 1148 [2009], lv denied 14 NY3d 702 [2010]).  Notably, two of the remaining four inmates who he requested testified at the hearing while two refused.  Given petitioner's failure to object at the hearing to the legitimacy of the inmates' refusals, his claim that the Hearing Officer did not conduct a further inquiry into the reasons for their refusals is not preserved for our review (see Matter of Gomez v Cunningham, 137 AD3d 1432, 1433 [2016]; Matter of Rafi v Venettozzi, 120 AD3d 1481, 1482 [2014]).  In view of the foregoing, we find no reason to disturb the determination of guilt.

McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court