Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
 

 Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating a direct order.
 
 *
 
 According to the misbehavior report, petitioner, while being escorted with 45 other inmates from the chapel to the main yard, twice yelled a Rastafarian chant which caused other inmates to yell a response back. Despite an order from the correction officer to stop, petitioner yelled the chant a third time, again causing inmates to respond. Contrary to petitioner’s contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Fulton v Chase, 115 AD3d 1033, 1034 [2014]; Matter of Thorpe v Goord, 13 AD3d 690, 690 [2004]).
 

 Turning to petitioner’s procedural contentions, we are unpersuaded that he was improperly denied the right to call witnesses. In denying petitioner’s request to call all 45 inmates, the Hearing Officer stated that she did not have access to the 45 inmates on the callout at the time of the incident, but permitted petitioner to provide the names and cell numbers of three of those inmates, who did testify. As calling 42 other inmates would be impractical, and given that there is no indication that further testimony from those inmates would not have been redundant, we find no error in the Hearing Officer limiting the number of inmates who testified (see Matter of Richardson v Annucci, 133 AD3d 966, 967 [2015]; cf. Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1442 [2017]). Furthermore, petitioner was not improperly denied the right to call the remaining requested witnesses inasmuch as they were not present at the time of the incident and such testimony was not shown to be relevant (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305-1306 [2016]; Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]). Petitioner’s remaining contentions, including that the Hearing Officer was biased, have been reviewed and found to be without merit.
 

 Peters, P.J., Garry, Lynch, Devine and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs,. and petition dismissed.
 

 *
 

 At the conclusion of the disciplinary hearing, petitioner was also found guilty of making an unauthorized religious speech, but not guilty of engaging in a demonstration. Upon administrative appeal, the charge of making an unauthorized religious speech was dismissed.