Matter of Spencer v Annucci (2020 NY Slip Op 00466)





Matter of Spencer v Annucci


2020 NY Slip Op 00466


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

529107

[*1]In the Matter of Devante Spencer, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 3, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ.


Devante Spencer, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with numerous prison disciplinary violations after he was observed making stabbing motions towards another inmate during a fight in the prison yard and ignored several directives to stop such behavior. When chemical agents were deployed to end the altercation, petitioner was observed running from the area then lying on the ground. A weapon resembling an ice pick was subsequently found on the ground where petitioner was lying down. Following a tier III prison disciplinary hearing, petitioner was found guilty of assaulting an inmate, fighting, engaging in violent conduct, creating a disturbance, refusing a direct order and possessing a weapon. Upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, testimony at the hearing from the correction officer who witnessed the incident and documentary evidence submitted at the hearing provide substantial evidence to support the determination of guilt (see Matter of McLeod v Fischer, 122 AD3d 1037, 1037-1038 [2014]; Matter of Bosquet v Bezio, 69 AD3d 1257, 1257 [2010]; Matter of Benson v Selsky, 50 AD3d 1347, 1347 [2008]; Matter of Williams v Goord, 23 AD3d 972, 972-973 [2005]). Petitioner's exculpatory statements and denial of his involvement in the incident presented credibility issues for resolution by the Hearing Officer (see Matter of Townsend v Noeth, 170 AD3d 1353, 1353-1354 [2019]; Matter of Williams v Goord, 23 AD3d at 973).
We reject petitioner's contention that he was improperly denied the right to call certain witnesses, as petitioner failed to demonstrate how his requested witnesses would have provided relevant or nonredundant testimony regarding the determination of guilt (see Matter of Zielinski v Venettozzi, 177 AD3d 1047, 1048 [2019]; Matter of Anselmo v Annucci, 176 AD3d 1283, 1285 [2019]). "Moreover, the failure to provide petitioner with a written explanation for the denial of the witness[es] does not require annulment as the reason for the denial is expressly stated in the record" (Matter of Pender v Fischer, 69 AD3d 1099, 1100 [2010], lv denied 14 NY3d 708 [2010]; see Matter of Davis v Prack, 95 AD3d 1574, 1575 [2012], lv denied 19 NY3d 812 [2012]). We have considered petitioner's remaining procedural claims, including his contentions that he received inadequate employee assistance and that the Hearing Officer was biased, and, to the extent that they are preserved for our review, find that they are without merit.
Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.