Matter of Cuppuccino v Harper (2020 NY Slip Op 05664)





Matter of Cuppuccino v Harper


2020 NY Slip Op 05664


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


887 TP 20-00263

[*1]IN THE MATTER OF SALVATORE CUPPUCCINO, PETITIONER,
v
JOHN HARPER, SUPERINTENDENT, MOHAWK CORRECTIONAL FACILITY, RESPONDENT. 






SALVATORE CUPPUCCINO, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Patrick F. MacRae, J.], entered February 10, 2020) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated an inmate rule. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated inmate rule 121.12 (7 NYCRR 270.2 [B] [22] [iii] [telephone program violation]). Contrary to petitioner's contention, the misbehavior report, hearing testimony, and documentary evidence constitute substantial evidence supporting the determination that petitioner violated that inmate rule (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Clark v Annucci, 170 AD3d 1499, 1499 [4th Dept 2019]). Moreover, inasmuch as the charge under that inmate rule was not dependent upon a separate charge of being out of place under inmate rule 109.10 (7 NYCRR 270.2 [B] [10] [i]), which the Hearing Officer found had not been substantiated, there is nothing inconsistent about the Hearing Officer's determination (see generally Matter of Davis v Annucci, 137 AD3d 1437, 1438 [3d Dept 2016]).
Contrary to petitioner's further contention, the record does not establish any bias on the part of the Hearing Officer or that his determination flowed from any alleged bias (see Matter of Cornell v Annucci, 173 AD3d 1760, 1760 [4th Dept 2019]). We reject the contention of petitioner that respondent failed to make an adequate response to his administrative appeal inasmuch as respondent was "not required to articulate the factors relied on in affirming, on administrative appeal, the determination of guilt" (Matter of Pender v Fischer, 69 AD3d 1099, 1100 [3d Dept 2010], lv denied 14 NY3d 708 [2010]). We have reviewed petitioner's remaining contention and conclude that it is without merit.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court