Matter of Wright v Annucci (2021 NY Slip Op 00476)





Matter of Wright v Annucci


2021 NY Slip Op 00476


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

531897

[*1]In the Matter of William Wright, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2021

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


William Wright, Cape Vincent, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing contraband, smuggling, making a false statement, violating telephone program procedures and violating facility correspondence procedures. The charges stem from an investigation and a search of petitioner's cell prompted by the opening of a letter that was received at the correctional facility, addressed to petitioner. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, that determination was modified by dismissing the charges of possessing contraband and smuggling but was otherwise affirmed. Petitioner then commenced this CPLR article 78 proceeding.
Initially, we note that respondent concedes, and our review of the record confirms, that substantial evidence does not support the finding of guilty with respect to the charges of making a false statement and violating facility telephone procedures. Accordingly, we annul that part of the determination, but do not need to remit the matter for a redetermination of the penalty because the penalty has been completed and no loss of good time was imposed (see Matter of Briggs v Lilley, 181 AD3d 1088, 1089 [2000]).
As for the remaining charge of violating facility correspondence procedures, we find that the misbehavior report noting that two letters confiscated from petitioner's cell were from an individual who was on parole — one of which included the individual's jail phone number — along with petitioner's admission that he corresponded with that individual provide substantial evidence to support the determination of guilt (see 7 NYCRR 720.3 [b] [2]; Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]; Matter of Selby v Coombe, 249 AD2d 635, 636 [1998]). Petitioner's contention that he was unaware that the individual was on parole created a credibility issue for the Hearing Officer to resolve and, in any event, petitioner's "purported ignorance did not absolve him of guilt" (Matter of Govia v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1323, 1324 [2019]). To the extent that petitioner asserts that the search of his cell, which uncovered the letters from the individual on parole, was improper, we note that "the basis for the search in the first instance was irrelevant to the issue of whether petitioner possessed the [unauthorized correspondence]" (Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [2018] [internal quotation marks and citation omitted]; see Matter of Macedonio v Annucci, 142 AD3d 1215, 1215 [2016]; Matter of Sweeter v Coughlin, 221 AD2d 741, 741 [1995]). We have reviewed petitioner's remaining contentions and find them to be without merit.
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, [*2]JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making a false statement and violating facility telephone procedures; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.