Matter of Randolph v Annucci (2021 NY Slip Op 00462)





Matter of Randolph v Annucci


2021 NY Slip Op 00462


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

529250

[*1]In the Matter of Edward Randolph, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Edward Randolph, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct, interfering with an employee, engaging in a movement violation, refusing a direct order and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found guilty of assaulting staff, engaging in violent conduct, interfering with an employee and engaging in a movement violation and not guilty of the remaining charges. Other than a modification of the penalty imposed, that determination of guilt was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.
Contrary to petitioner's contention, the misbehavior report, related memoranda and documentation, video evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1424 [2018]; Matter of Land v Annucci, 156 AD3d 1103, 1104 [2017]). Petitioner's contention that the correction officers' memoranda and testimony were exaggerated and/or were inconsistent created a credibility issue for the Hearing Officer to resolve (see Matter of Campos v Prack, 143 AD3d 1020, 1021 [2016]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]).
Turning to petitioner's procedural claims, we are unpersuaded by petitioner's contention that he was improperly denied the right to present various witnesses. We find no error in the Hearing Officer denying petitioner's request to recall certain correction officers for further testimony. Petitioner had a substantial opportunity at the hearing to question them and, notwithstanding his general assertion that there were inconsistencies in the testimony presented, petitioner refused to elaborate on the alleged inconsistencies or provide questions that he wanted to ask in order to establish that the testimony would not be redundant or irrelevant (see Matter of Mitchell v Rodriguez, 175 AD3d 787, 788-789 [2019]). In addition, we find no error in the Hearing Officer denying petitioner's request to call a witness regarding petitioner's mental health, as the record reflects that confidential mental health testimony was taken and "testimony regarding the state of [a] petitioner's mental health is confidential" (Matter of Canalas Sanchez v Annucci, 126 AD3d 1194, 1194 [2015]; see Matter of Nelson v Annucci, 172 AD3d 1806, 1806 [2019]).
Petitioner's challenge regarding the failure of three inmate witnesses to testify is also without merit. There is no indication in the record that any of the inmates previously agreed to testify. One of the inmates signed a refusal form indicating that he did not want to be involved. No further inquiry by the Hearing Officer [*2]was required (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Degraffenreid v Venettozzi, 178 AD3d 1229, 1230 [2019]; Matter of Mitchell v Rodriguez, 175 AD3d at 788). Another refusal form signed by two correction officers indicated that another requested inmate witness did not provide a reason for not wanting to testify nor did he sign the refusal — which indicated that the inmate just laid on his bed shaking his head. Petitioner, however, only raised a general objection and did not specifically request any further inquiry by the Hearing Officer to ascertain the reason for the inmate's refusal. Accordingly, petitioner did not preserve such issue for our review (see Matter of Clark v Annucci, 170 AD3d 1499, 1500 [2019]; Matter of Coombs v Annucci, 144 AD3d 1339, 1340 [2016]; Matter of Blackwell v Goord, 5 AD3d 883, 885 [2004], lv denied 2 NY3d 708 [2004]). Finally, with regard to the inmate witness who had been paroled, the Hearing Officer made "reasonable and substantial efforts" to contact him, but ascertained through a correction facility offender rehabilitation coordinator that he was in treatment at the Office of Mental Health and was unable to testify due to his current situation (Matter of Rambert v Annucci, 153 AD3d 1492, 1493 [2017] [internal quotation marks and citation omitted], lv denied 32 NY3d 916 [2019]; see Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]; Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]).
To the extent that petitioner contends that the Hearing Officer was biased, the record demonstrates that the hearing was conducted in a fair and impartial manner and the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer (see Matter of Washington v Venettozzi, 186 AD3d 1866, 1868 [2020]; Matter of Medina v Ranieri, 186 AD3d 1848, 1849 [2020]). Petitioner's remaining contentions, including that he was denied the right to present material evidence and that the hearing extension requests were improperly withheld, have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.