Matter of Scott v Annucci (2021 NY Slip Op 02864)





Matter of Scott v Annucci


2021 NY Slip Op 02864


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

531685
[*1]In the Matter of Kenneth Scott, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 16, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Kenneth Scott, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, fighting, engaging in disorderly conduct, engaging in violent conduct, creating a disturbance, participating in a demonstration, harassment and refusing a direct order. According to the misbehavior report, an inmate who was being escorted from the south yard became combative and, when security staff responded, petitioner, along with approximately 30 other inmates, began punching the security staff. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty of 270 days in the special housing unit, with corresponding loss of packages, telephone and commissary privileges, was imposed. That determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding. Subsequently, a discretionary review of the matter resulted in the special housing unit penalty being reduced to 183 days, with 65 days suspended, and the loss of commissary privileges being reduced to 153 days.
Respondents concede, and our review of the record confirms, that the determination of guilt — insofar as it found petitioner guilty of participating in a demonstration, harassment and refusing a direct order — is not supported by substantial evidence and, to that extent, must be annulled (see Matter of Wright v Annucci, 190 AD3d 1249, 1249 [2021]; Matter of Atkins v Annucci, 172 AD3d 1798, 1799 [2019]).[FN1] Petitioner has abandoned any challenge to the sufficiency of the evidence supporting the determination of guilt with respect to the remaining charges by failing to raise any such issue in his brief (see Matter of Davis v Bedard, 167 AD3d 1214, 1215 [2018]; Matter of Truman v Venettozzi, 156 AD3d 974, 975 [2017]).
We are unpersuaded by petitioner's contention that he was improperly denied the right to call a witness to testify as to petitioner's location during the incident and whether he assaulted staff. Petitioner was unable to establish that such testimony would not have been redundant to the extensive testimony already received at the hearing (see Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]; Matter of Steele v Annucci, 178 AD3d 1226, 1227 [2019]; Matter of Douglas v Annucci, 155 AD3d 1216, 1217 [2017]). "Moreover, the failure to provide a written explanation for such refusal does not warrant annulment because the reason for the denial was evident from the record" (Matter of McFadden v Venettozzi, 65 AD3d 1401, 1402 [2009] [citations omitted]; see Matter of Davis v Prack, 95 AD3d 1574, 1575 [2012], lv denied 19 NY3d 812 [2012]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that [*2]the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of participating in a demonstration, harassment and refusing a direct order; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to those charges from petitioner's institutional record; and, as so modified, confirmed.



Footnotes

Footnote 1: Remittal is not required as the record does not reflect that any loss of good time was imposed and, furthermore, petitioner has served the full penalty (see Matter of Wright v Annucci, 190 AD3d at 1249; Matter of Caraway v Annucci, 190 AD3d 1198, 1200 n 2 [2021]).