Matter of Manwaring v Rodriguez (2022 NY Slip Op 03169)

Matter of Manwaring v Rodriguez

2022 NY Slip Op 03169

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

533951
[*1]In the Matter of Ajuul Manwaring, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:April 15, 2022

Before:Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ.

Ajuul Manwaring, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following a pat frisk, during the course of which a correction officer observed petitioner drop an object from his hand to the floor below, petitioner was charged in a misbehavior report with smuggling and possessing a weapon. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty of the charges, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting petitioner to commence this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. To the extent that petitioner raises a substantial evidence issue, we find that the misbehavior report, together with the testimony of the correction officer who performed the pat frisk and the accompanying documentary evidence, provide substantial evidence to support the finding of guilt (see Matter of Nix v Venettozzi, 196 AD3d 933, 933 [2021]; Matter of Lebron v Annucci, 163 AD3d 1387, 1387 [2018]). With respect to petitioner's procedural claims, the Hearing Officer advised petitioner that one of his requested witnesses refused to testify and declined to explain his refusal and/or sign the applicable witness refusal form. As petitioner thereafter failed to object or demand that the Hearing Officer conduct a further inquiry into the basis for this individual's refusal to testify, his present assertion — that he was denied due process because he was not provided with a witness refusal form until he received respondent's answer — is unpreserved for our review (see Matter of Randolph v Annucci, 190 AD3d 1196, 1197-1198 [2021]; Matter of Ballard v Annucci, 168 AD3d 1319, 1320-1321 [2019]; Matter of Coombs v Annucci, 144 AD3d 1339, 1340 [2016]). Finally, upon reviewing the record, we find that "the hearing was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Randolph v Annucci, 190 AD3d at 1198; see Matter of Fulton v Capra, 199 AD3d 1139, 1141 [2021]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.