Matter of Almonte v Annucci (2022 NY Slip Op 06977)

Matter of Almonte v Annucci

2022 NY Slip Op 06977

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

534692
[*1]In the Matter of Ramon Almonte, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 10, 2022

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Ramon Almonte, Gouverneur, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was observed attempting to pass an object under a door within the correctional facility. A correction officer intercepted the object, which was an envelope containing a handwritten note that the correction officer perceived to be an attempt to distribute drugs within the facility. As a result of the incident, petitioner was charged with conspiring to introduce drugs into the facility. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. Upon administrative review, the determination of guilty was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and documentary evidence — including the confiscated note, as well as the memorandum written by the correction officer who discovered that note — provide substantial evidence to support the determination of guilt (see Matter of Rose v Lilley, 205 AD3d 1187, 1188 [3d Dept 2022]; Matter of Adams v Annucci, 160 AD3d 1331, 1331-1332 [3d Dept 2018]; Matter of Smart v New York State Dept. of Correctional Servs., 75 AD3d 1017, 1017-1018 [3d Dept 2010]; see also 7 NYCRR 270.2 [B] [14] [xxiv]). Petitioner's exculpatory statements and denial of guilt presented credibility issues for resolution by the Hearing Officer (see e.g. Matter of Barnes v Venettozzi, 207 AD3d 969, 970 [3d Dept 2022]). Contrary to petitioner's contention, we conclude, based upon our review of the record, "that the hearing was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Manwaring v Rodriguez, 205 AD3d 1200, 1201 [3d Dept 2022] [internal quotation marks and citation omitted]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to lack merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.