Matter of Pierre v Annucci (2023 NY Slip Op 04162)

Matter of Pierre v Annucci

2023 NY Slip Op 04162

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

534568
[*1]In the Matter of Rodney Pierre, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 23, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ. 

Rodney Pierre, Utica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon. The weapon, consisting of a sock weighted at the toe end and tied off at the other end, was discovered among petitioner's personal property after packing up his cube. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Petitioner's administrative appeal to challenge the determination of guilt was unsuccessful, and this CPLR article 78 proceeding ensued.
We confirm. Initially, the misbehavior report, together with the photographic evidence of the weapon and the testimony of the correction officer who discovered it, as well as the corroborating testimony of another officer, provide substantial evidence to support the finding of guilt (see Matter of Manwaring v Rodriguez, 205 AD3d 1200, 1201 [3d Dept 2022]; Matter of Nova v Kirkpatrick, 160 AD3d 1326, 1326 [3d Dept 2018]). Petitioner's denial that there was a weapon among his belongings, attacks upon the credibility of the correction officers who testified and claims that the weapon was planted in retaliation for various grievances that he had filed presented credibility issues for the Hearing Officer to resolve (see Matter of Jackson v Annucci, 173 AD3d 1581, 1582 [3d Dept 2019]; Matter of Nova v Kirkpatrick, 160 AD3d at 1326-1327; Matter of Wood v Annucci, 158 AD3d 856, 857 [3d Dept 2018]).
As to petitioner's procedural claims, we reject his contention that he was improperly denied the right to call several unnamed witnesses who were involved in a prior unrelated hearing, as their potential testimony was not shown to be relevant to the instant charge (see Matter of Moise v Annucci, 168 AD3d 1337, 1338 [3d Dept 2019]; Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [3d Dept 2018]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [3d Dept 2017]). The Hearing Officer's "failure to provide petitioner with a written explanation for the denial of the[se] witnesses does not require annulment as the reason for the denial is expressly stated in the record" (Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]; see Matter of Scott v Annucci, 194 AD3d 1178, 1179 [3d Dept 2021]). Petitioner's similar claim that the Hearing Officer improperly denied him the right to call certain witnesses who may have observed the search is unpreserved, as he failed to make such request despite having been afforded multiple opportunities to do so (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [3d Dept 2020]; Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [3d Dept 2019]). To the extent that petitioner further asserts that he was improperly denied documentary evidence, the record reveals that [*2]he failed to request these documents and, thus, his claim is likewise unpreserved for our review (see Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]; Matter of Davis v Annucci, 140 AD3d 1432, 1433 [3d Dept 2016], appeal dismissed 28 NY3d 1109 [2016]).
Finally, we are unpersuaded by petitioner's contention that the Hearing Officer should have recused himself, as the record reflects that he did not witness, participate in or investigate the subject incident (see 7 NYCRR 254.1). Contrary to petitioner's assertions, the Hearing Officer's fulfillment of his administrative responsibilities with regard to certain of petitioner's filed grievances or unrelated disciplinary matters did not require his disqualification (see Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [3d Dept 2015], lv denied 26 NY3d 913 [2015]; Matter of Rogers v Prack, 118 AD3d 1223, 1224 [3d Dept 2014], lv granted 24 NY3d 916 [2015]). Moreover, our review of the record reveals that the hearing, including the questioning of witnesses, was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer (see Matter of Manwaring v Rodriguez, 205 AD3d at 1201; Matter of Randolph v Annucci, 190 AD3d 1196, 1198 [3d Dept 2021]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.